IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-cv-00422-WYD-MJW

JOHN RAMEY,

    Plaintiff,

v.

MARK BOSLOUGH, *et al.,*

    Defendants.

---

**ORDER**

---

THIS MATTER is before the Court on Plaintiff's Motion to Alter or Amend Judgment ("Plaintiff's Motion") filed on June 6, 2005, requesting that the Court either alter or amend its Order of May 20, 2005, in which the Court granted the United States' Motion for Summary Judgment. A response to this motion was filed June 27, 2005, and a reply was filed July 12, 2005. For the reasons stated below, Plaintiff's Motion to Alter or Amend Judgment is denied.

I.    BACKGROUND

On March 8, 2004, Defendant United States filed a Notice of Removal, removing this case from the state district court in Boulder County. On May 20, 2005, I entered an Order granting the United States' Motion for Summary Judgment. In that Order, I remanded the state law claims to state court having found that this Court lacked subject matter jurisdiction over the federal claims asserted against the United States. Judgment in favor of the United States on the Motion for Summary Judgment was

entered by the Clerk of Court on May 26, 2005, and the case was remanded to state court.

Plaintiff's Motion to Alter or Amend Judgment is brought pursuant to FED. R. CIV. P. 59(e), and requests the Court alter the May 20, 2005 Order so as to deny the Motion for Summary Judgment, or in the alternative, amend the Order to include provisions allowing for interlocutory appeal of the Order pursuant to 28 U.S.C. § 1292(b).  Plaintiff avers that (1) the Court incorrectly concluded that Plaintiff did not plead he was entitled to an easement by implication, (2) Plaintiff's claims are not barred by the 12-year statute of limitations of the Quiet Title Act, (3) the Court incorrectly determined that Plaintiff does not have standing to assert a claim under Revised Statute § 2477 or, in the alternative, (4) that the Order should be amended to allow for interlocutory appeal under 28 U.S.C. § 1292(b).

II.     ANALYSIS

The purpose of a motion to alter or amend is to "correct manifest errors of law or to present newly discovered evidence." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).  I do not believe that Plaintiff has demonstrated that the Court made a manifest error with relation to the law, nor has Plaintiff presented any newly discovered evidence.  In any event, since this case has been remanded to the state court for lack of subject matter jurisdiction, this Court "'is wholly deprived of jurisdiction to vacate or correct" its Order.  *Maggio Enterprises, Inc., v. Hartford Casualty Insurance Company*, 132 F. Supp. 2d 930, 930-31 (D. Colo. 2001) (quoting *Seedman v. United States Dist. Court for the Central Dist. of California*, 837 F.2d 413,

414 (9th Cir. 1988)). "This is true 'even if [this Court's] jurisdictional determination appears erroneous, so long as that determination was made in good faith.'" *Id.* at 930-31 (quoting *Dalrymple v. Grand River Dam Authority*, 145 F.3d 1180, 1184 (10th Cir. 1998)). Accordingly, the request that this Court's Order be altered in connection with the ruling on the summary judgment motion is denied.

To the extent the motion requests that I amend the order to allow for an interlocutory appeal, I must deny this request also. "An order remanding a case to the State Court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). The Tenth Circuit holds that remand orders which are immune to appellate review under § 1447(d) "are those based on lack of subject matter jurisdiction and defects in the removal procedure." *American Soda, LLP v. U.S. Filter Wastewater Group*, 428 F.3d 921, 924 (10th Cir. 2005). In this case, the remand order at issue falls within those orders that are immune from review on appeal, since it was based on the fact that this Court lacked subject matter jurisdiction over the federal claims asserted against the United States.

III.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Alter or Amend Judgment filed June 6, 2005, is **DENIED**.

Dated:  February 1, 2006

                                          BY THE COURT:

                                          <u>s/ Wiley Y. Daniel</u>
                                          Wiley Y. Daniel
                                          U. S. District Judge